520 F.Supp. 159 (1981)
Christopher WEST, Petitioner,
v.
MISSOURI BOARD OF LAW EXAMINERS the Board of Admissions for the Eastern Division of the U. S. District of Missouri, Respondent.
No. 81-873 C(1).
United States District Court, E. D. Missouri, E. D.
August 14, 1981.
Christopher West, pro se.
J. Whitefield Moody, U. S. Atty., St. Louis, Mo., for respondent.

*160 MEMORANDUM
WANGELIN, Chief Judge.
This matter is before the Court upon plaintiff's motion for a "writ to compel the assumption and exercise of jurisdiction" by this Court over a controversy petitioner has with the Missouri Board of Law Examiners and the Federal Board of Admission.
Petitioner alleges that he has been denied his request to take a Missouri bar examination by the State Board pursuant to Missouri Supreme Court Rule 8.03(a)(2) on the basis that he has not graduated from an American Bar Association approved law school. The final decision made by the Missouri Board of Law Examiners is appealable to the Missouri Supreme Court pursuant to Supreme Court Rule 8.12. That appeal is currently before the Supreme Court of Missouri. Petitioner has been denied membership in the Federal Bar due to his deficiency as outlined below.
Petitioner bases his request for the assumption of jurisdiction upon Rule 2 of the United States District Court for the Eastern District of Missouri which states in subpart:
(A) Attorneys, except any attorney who has been disbarred pursuant to this Rule, shall be admitted to practice and enrolled only (1) upon production of a certificate showing that applicant shall have been previously admitted to practice in the Supreme Court of the State of Missouri...
The petitioner implies that Rule 2 establishes a private cause of action in the federal court for any applicant who is denied leave to take the Missouri Bar examination or indeed denied membership in that bar if one suffers some general or educational deficiency as provided for in the Missouri Supreme Court rules. This Court does not agree, and further points out that 28 U.S.C. § 1441, as referred to by petitioner, does not provide an independent basis for federal court jurisdiction, but rather merely provides for the removal to federal courts of any cases which the Court would have had original jurisdiction over.
Further, in accordance with the well recognized and accepted doctrine of exhaustion of state remedies, as outlined in Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), petitioner is required to exhaust his state administrative remedies completely before his access to federal court is created. Apparently petitioner is seeking to be freed from "a lengthy and burdensome process". Nevertheless, this process could very well yield petitioner a result which is wholly adequate and therefore this controversy is of a character which federal courts have traditionally required litigants to pursue in the state forum prior to proceeding in federal court.
Additionally, this Court notes that petitioner has not clearly stated a constitutional cause of action nor outlined any specific federal right, and seeks to have this Court exercise jurisdiction over a case allegedly pending before both the Missouri Board of Law Examiners and the Missouri Supreme Court. At this juncture, petitioner's complaint seems to state only a right recognized under state law, and therefore this Court must abstain from interfering with the state court proceedings.
Accordingly petitioner's "writ for assumption of jurisdiction" will be denied.